*E-FILED 06-10-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>            Plaintiff,<br>   v.<br><br>KIM HA VU; HUY VU; DOES 1-20, inclusive,<br><br>            Defendant._____/ | No. C10-02474 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

On June 4, 2010, pro se defendants Kim Ha Vu and Huy Vu removed this case from Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff JPMorgan Chase Bank ("JPMorgan") filed this unlawful detainer action on February 5, 2010[1] in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sales in or about January 2010. (Complaint, ¶¶ 5-6). The complaint further alleges that on January 28, 2010, plaintiff served defendants with a notice to vacate, but defendants refused to deliver possession of the property. (*Id.* ¶¶ 7-9).

---

[1] It would appear that the removal is outside the thirty-day period for which removal is proper. 28 U.S.C. § 1446(b). However, as a procedural requirement, a federal court cannot remand sua sponte on this basis. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendants assert that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273.

Defendants fail to support their assertion that this action arises under federal law. They assert that JPMorgan's mortgage activities violated federal and state law and that the subject foreclosure sale was illegal. (Notice of Removal, ¶¶ 6-7). They further suggest that the unlawful detainer action is related to a putative class action filed in this district.[2] However, defendants' allegations in their removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. The plaintiff's complaint clearly states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. Accordingly, defendants have failed to show that removal is proper on account of any federal substantive law. Nor does the complaint on its face establish that this court might have subject-matter jurisdiction based on diversity.[3] *See* 28 U.S.C. § 1332(a).

---

[2] HPG Corp., et al. v. Countrywide Home Loans, et al., C10-00985MEJ.

[3] Defendants do not establish diversity of citizenship in their removal notice, and a review of the complaint shows that it specifies that the "amount of claimed damages in this action does not exceed $10,000.00." (Complaint ¶ 1c.) Plaintiff only seeks judgment for possession of the property and the costs of suit. (*Id.* at 3.) In addition, as local defendants, it

2

Because defendants have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: June 10, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

would appear that defendants would not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

3

5:10-cv-02474-HRL Notice mailed to:

Earl R Wallace
Ruzicka and Wallace LLP
16520 Bake Parkway, Suite 280
Irvine, CA 92618

Huy Vu
18900 Newsom Avenue
Cupertino, CA 95014

Kim Ha Vu
18900 Newsom Avenue
Cupertino, CA 95014