IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JP Morgan Chase Bank, National Association,<br><br>            Plaintiff,<br>   v.<br><br>Kim Ha Vu, et al.,<br><br>            Defendants. | NO. C 10-02474 JW<br><br>**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION; SUMMARILY REMANDING TO SANTA CLARA SUPERIOR COURT** |

Presently before the Court is Magistrate Judge Lloyd's Report and Recommendation filed on June 10, 2010. (hereafter, "Report," Docket Item No. 4.) To date, no objections have been filed.[1]

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Any party may serve and file specific written objections to a magistrate judge's report and recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

When the parties object to a report and recommendation, the district court "shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); see United States v. Raddatz, 447 U.S. 667, 676 (1980). When no objections are filed, the district court need not review the report and recommendation *de novo*.

---

[1] The Court notes that mail recently sent to the address provided for Defendants was returned to the Court as undeliverable because the location is vacant. Defendants have not provided the Court with any forwarding address. (See Docket Item Nos. 6, 7.)

Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); United States v. Reyna-Tapia, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

On February 5, 2010, JPMorgan Chase Bank ("Plaintiff") filed an unlawful detainer action against Kim Ha Vu and Huy Vu ("Defendants") in Santa Clara County Superior Court. (See Report at 1.) On June 4, 2010, Defendants removed the case to federal court asserting federal question jurisdiction. (Id. at 1-2.) With respect to the removal, Judge Lloyd recommends that the Court summarily remand the case to Santa Clara County Superior Court.

A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defenses and counterclaims asserting a federal question do not provide a basis for subject matter jurisdiction. Vaden v. Discover Bank, 129 S. Ct. 1262, 1273 (2009). Here, the Court finds that Plaintiff's Complaint only alleges a state law cause of action for unlawful detainer and does not allege any federal claims. Thus, the Court finds that it lacks subject matter jurisdiction over this case.

Accordingly, the Court ADOPTS the Report and Recommendation in full and orders as follows:

The Court summarily REMANDS the case to Santa Clara County Superior Court.

The Clerk of Court shall immediately remand this action to the Superior Court of California, Santa Clara County and close this file.

Dated: June 25, 2010

JAMES WARE
United States District Judge

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Kim Ha Vu & Huy Vu
18900 Newsom Avenue
Cupertino, CA 95014

Earl R Wallace
Ruzicka and Wallace LLP
16520 Bake Parkway, Suite 280
Irvine, CA 92618

**Dated:  June 25, 2010**                                       **Richard W. Wieking, Clerk**

                                                                **By:     /s/ JW Chambers                    **
                                                                         **Elizabeth Garcia**
                                                                         **Courtroom Deputy**